STARK v. ROBSON.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

CLAIM AGAINST DECEDENT'S ESTATE—EVIDENCE.

A claim against decedent's estate by his daughter for money intrusted to his charge should not be allowed; it appearing that, long before his death, she, on an examination in proceedings supplementary to execution, testified that she had settled with him, and had no claims against him growing out of such matter, though persons testified that deceased, shortly before his death, told them that he had $3,000 of his daughter's money, and though a book kept by him contained entries recognizing the fact that he held her money in trust. Ward, J., dissenting.

Appeal from judgment on report of referee.

Action by Cornelia B. Stark against James A. Robson, executor of William H. Lamport, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

E. W. Gardner, for respondent.

PER CURIAM. Judgment reversed.

WARD, J. (dissenting). The plaintiff was the daughter of William H. Lamport, of Canandaigua, deceased. In 1863 she received, from an insurance policy upon the life of her deceased husband, Edward C. Huntington, $5,178. The deceased, as trustee of the plaintiff, invested $3,000 of that money in the purchase of Illinois school bonds, bearing 10 per cent. interest, which became payable in March, 1873, and collected the greater portion thereof, with interest, and invested $3,000 of the money in a mortgage, executed by one William S. Haight, upon lands in Illinois, at 10 per cent. interest. The deceased received, from time to time, moneys growing out of the said investment and reinvestment made of the same, from March, 1883, until 1890, over $4,000. Mr. Lamport died in 1891, and a claim was presented by the plaintiff against his estate, under the statute, which was referred to a referee, who reported in favor of the plaintiff in the sum of $4,867.26, upon which judgment was rendered. This appeal attacks this judgment; the appellant claiming that there was not sufficient evidence to justify the conclusions of the referee, and that the decided preponderance of evidence is against it.

This contention is based almost entirely upon testimony given by the plaintiff in an examination in proceedings supplementary to execution, in June, 1881, in which she substantially said that she had settled with her father, and had no claims against him growing out of the insurance money.    It appeared that the great bulk of the investment of the insurance money was still in the West, and had not been collected by the deceased at the time that such evidence was given; that the plaintiff had received about $800 from her father, in the shape of loans and advances, prior to her testifying, and she may have referred, in her statement as to the settlement, to those sums, and what occurred up to the time that her testimony was given.    As before stated, the evidence showed that the deceased had received over $4,000 as the result of such insurance money after 1881.    There were statements in the plaintiff's testimony at that time which show that she was mistaken in important particulars.    Two of the neighbors of the deceased, responsible and intelligent people, testified that the deceased stated, a short time before his death, that he had $3,000 of his daughter's money, and that he was liable to pay it any time.    A book kept by the deceased was produced in evidence, where entries were made which recognized the fact that the deceased held the plaintiff's money as trustee.    Taking the whole evidence together, I am satisfied that the referee not only had sufficient evidence to justify his findings of fact, but the preponderance of evidence supports such findings.    The other members of the court hold that, in view of the testimony of the plaintiff, before referred to, the referee should have found against her, notwithstanding the other evidence in the case, and so reverse this judgment, in which I cannot concur.

The judgment should be affirmed, with costs.